IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LANELLE JACKSON,                          :

    Plaintiff,                        :

vs.                                       :   CIVIL ACTION 05-00652-WS-B

BALDWIN COUNTY CORRECTIONAL               :
CENTER, *et al.,*

                                      :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, filed a Complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees. (Doc. 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Upon careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.  Complaint (Doc. 1).**

In his Complaint, Plaintiff names as Defendants, Medical Staff/Administrators of the Baldwin County Corrections Center ("Baldwin Jail Medical Staff"), Medical Staff/Administrators of the Mobile County Metro Jail ("Metro Jail Medical Staff"), Medical Staff/Administrators of the Federal Transfer Center, Oklahoma City, Oklahoma ("Oklahoma City Medical Staff"), and Medical

Staff/Administrators of the Metropolitan Correctional Center, Chicago, Illinois ("Metropolitan Medical Staff").   Plaintiff alleges that these Defendants denied him medical attention or failed to provide him with adequate medical treatment for constant stomach pain, coughing up blood, blood in his stool, pain in his back and neck, or his rash.   For relief, Plaintiff seeks damages and his freedom.

## II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is required to review Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]   Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."   Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).   A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.   Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).   Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).   However, dismissal under § 1915(e)(2)(B) is now mandatory.   Bilal, 251 F.3d at 1348-49.

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III.  Discussion.**

> **A.  Defendants Baldwin Jail Medical Staff and Metro Jail Medical Staff.**

The jail in Baldwin County and the jail in Mobile County are operated by each county's sheriff's department. ALA. CODE § 14-6-1 (1995) (under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto").  An Alabama sheriff's department, however, lacks the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); King v.

Colbert County, 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991).  Thus, it follows that the jail as a subdivision of a sheriff's department likewise lacks the capacity to be sued.  Russell v. Mobile County Sheriff, No. Civ. A. 00-0410-CB-C, 2000 WL 1848470, at *2 (S.D. Ala. Nov. 20, 2000) (unpublished); Avant v. Rice, Nos. 91-748-CIV-T-17A, 91-1011-CIV-T-17C, & 91-1012-CIV-T-17A, 1992 WL 359633, at *1 (M.D. Ala. Nov. 19, 1992) (unpublished); see Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (finding a jail is not an entity subject to suit); see also House v. Cook County Dept. of Corrections, No. 98 C 788, 1998 WL 89095, at *2 (N.D. Ill. Feb. 13, 1998) (holding the jail is not an entity amenable to suit).

Likewise, the medical staff at a jail is a subdivision of the jail and is not a distinct legal entity that is subject to suit, nor is it a "person" for § 1983 purposes.  Harris v. Fairman, No. 94 C 3883, 1995 WL 151806, at *6 (N.D. Ill. Mar. 31, 1995) (jail medical staff); Jefferys v. Department of Corrections, No. 94 CIV 2942 (VLB), 1994 WL 702752, at *1 (S.D.N.Y. Dec. 13, 1994) (jail medical staff); Johnson v. Sheahan, No. 94 C 618, 1994 WL 494803, at *1 (N.D. Ill. Sept. 8, 1994) (jail medical staff); Merrell v. Dukes, No. 85-2556, 1985 WL 3566, at *1 (E.D. Pa. Nov. 5, 1985) (prison medical staff).

In order to bring a viable § 1983 action, the defendant sued must be an entity that is subject to being sued.  Dean, 951 F.2d at

4

1214.  The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed.R.Civ.P. 17(b); see Dean, 951 F.2d at 1214.  The Baldwin Jail Medical Staff and the Metro Jail Medical Staff are a part of the respective jail's subdivision and as such, are not suable entities and are not "persons" for § 1983 purposes.  Accordingly, the Court finds that Defendants Baldwin Jail Medical Staff and Metro Jail Medical Staff are not suable entities and should therefore be dismissed because the claims against them are due to be dismissed as frivolous.

**B.  Defendants Oklahoma City Medical Staff and Metropolitan Medical Staff.**

The Federal Transfer Center, Oklahoma City, Oklahoma and the Metropolitan Correctional Center, Chicago, Illinois are both federal institutions.  Provencio-Barraza v. United States Marshals Service, No. CIV-06-1225-T, 2007 WL 315362, at *2 (W.D. Okla. Jan. 31, 2007) (Oklahoma City); Martin v. Quinlan, No. 92 C 3068, 1992 WL 117110, at *1 (W.D. Ill. May 21, 1992) (Chicago).  § 1983 actions, which require state action, are not available against federal entities.  Instead, the action that may be brought against a federal entity is a Bivens action.[2] Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913,(1981) (in order to state a claim

---

[2]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999(1971).

under § 1983, "the conduct complained of was committed by a person acting under color of state law"); <u>overruled on other grounds by Daniels v. Williams</u>, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986).   <u>Bivens</u>' goal is deterring "individual officers from committing constitutional violations." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 70, 122 S.Ct. 515, 521 (2001).   As a result, a federal prisoner "may bring a <u>Bivens</u> claim against the offending individual officer . . . [however,] [t]he prisoner may not bring a <u>Bivens</u> claim against the officer's employer, the United States, or the BOP." <u>Id.</u> at 72, 122 S.Ct. at 522.   A claim against a medical department at a federal facility in a <u>Bivens</u> type action; however, it is not recognized because it is not a claim against an individual.   <u>Provencio-Barraza</u>, 2007 WL 315362, at *4. Accordingly, Defendants Oklahoma City Medical Staff and Metropolitan Medical Staff are entities that are not subject to suit in a <u>Bivens</u> action.[3]

_____

[3]Alternate bases for the dismissal of Defendants Oklahoma City Medical Staff and Metropolitan Medical Staff are: (1) Plaintiff's § 1983 action requires state action but was filed against federal Defendants and, therefore, it is meritless, <u>see</u> <u>Parratt</u>, <u>supra</u>, and (2) venue for these Defendants is not proper in this district because they are not located in this district, <u>see</u> 28 U.S.C. § 1391(b).   (The undersigned notes that Plaintiff's allegations against the federal Defendants in the main body of the Recommendation were provided a liberal construction and the claims were addressed as <u>Bivens</u> claims, but they nevertheless fail.)

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).    The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **31st** day of **July 2007.**

                    /s/ SONJA F. BIVINS
                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

8

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.